IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JEREMY McFARLAND                                                                                    PLAINTIFF

v.                                      Civil No. 2:23-cv-02046-PKH-MEF

JAIL ADMINISTRATOR SHANE DAVIS,
Scott County Detention Center;
SERGEANT MERCEDES ANDERSON,
Scott County Detention Center;
DR. DARRELL ELKINS,
Jail Physician                                                                                      DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's failure to comply with the Court's orders and failure to prosecute this case.

### I.   BACKGROUND

Plaintiff filed his Complaint on March 31, 2023, generally alleging that he has been denied proper medical care at the Scott County Detention Center ("SCDC").  (ECF No. 1).  On that same day, Plaintiff filed an application to proceed *in forma pauperis* ("IFP").  (ECF No. 2).  The Court granted Plaintiff's IFP application, and then ordered Plaintiff to file a signed complaint, in accordance with Rule 11 of the Federal Rules of Civil Procedure, by April 14, 2023, failing which the matter would be subject to dismissal.  (ECF No. 6).  This order was not returned undeliverable.

On April 6, 2023, Plaintiff filed a Motion to Appoint Counsel.  (ECF No. 7).  The Court denied Plaintiff's motion, noting that a civil litigant does not have a constitutional or statutory right

1

to appointed counsel in a civil case and concluding that the Plaintiff was adequately prosecuting this action without the aid of counsel. (ECF No. 8). In this Order, the Court also reminded Plaintiff that an amended complaint was due by April 14, 2023. *Id*. This Order was not returned as undeliverable.

When Plaintiff did not submit an amended complaint by April 14, 2023, this Court ordered Plaintiff to show cause why he failed to do so, explaining that failure to respond by May 8, 2023, would subject this matter to dismissal for failure to prosecute. (ECF No. 10). This Order was mailed to Plaintiff and was not returned as undeliverable. The deadline to respond has now passed, and Plaintiff has not communicated with the Court in any way.

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule

41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.   ANALYSIS

Plaintiff has failed to comply with two court orders: the Court's order directing him to file a signed complaint in accordance with Rule 11 of the Federal Rules of Civil Procedure (ECF No. 6), and the Court's show cause order (ECF No. 10).  Plaintiff has failed to prosecute this case. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and for failure to prosecute this case.

### IV.   CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 9th day of May 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE